NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 25 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TARA CHAND SINGHAL, | No. 16-55461 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-05968-BRO-MRW |
| v. | |
| STEVEN MNUCHIN,[*] Secretary of The Treasury The Executive Branch of the United States Government, | MEMORANDUM[**] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Submitted April 11, 2017[***]

Before:　GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Tara Chand Singhal appeals pro se from the district court's judgment

dismissing Singhal's action against the Secretary of the Treasury alleging that a

---

[*]　Steven Mnuchin has been substituted for his predecessor, Jack Lew, as Secretary of the Treasury under Fed. R. App. 43(c)(2).

[**]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***] The panel unanimously concludes this case is suitable for decision without oral argument.　See Fed. R. App. P. 34(a)(2).

Tax Court judge violated Singhal's due process rights.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal on the basis of sovereign immunity.  *Jachetta v. United States*, 653 F.3d 898, 903 (9th Cir. 2011).  We affirm.

The district court properly dismissed Singhal's claim for monetary damages for lack of subject matter jurisdiction because the United States has not waived its sovereign immunity.  *See FDIC v. Meyer*, 510 U.S. 471, 476-78 (1994) (the United States has not waived its sovereign immunity for constitutional torts); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (United States is immune from suit unless it has expressly waived its sovereign immunity, and sovereign immunity cannot be circumvented by naming officers and employees of the United States as defendants).

We reject as without merit Singhal's contentions that the district court judge was biased and the dismissal of his action was a violation of the First Amendment.

Defendant's request for judicial notice (Docket Entry No. 14) is denied.

**AFFIRMED.**

16-55461